UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TYRA TYREL MANLEY,

        Plaintiff,

-v-                                                No. 10 Civ. 2210 (LTS)(HBP)

MORGAN UTZINGER et al.,

        Defendants.

-----------------------------------------------------------x

## MEMORANDUM ORDER

        Pro se Plaintiff Tyra Tyrel Manley ("Plaintiff"), an inmate in the New York State correctional system, brings this action pursuant to 42 U.S.C. § 1983 against Defendants Morgan Utzinger ("Utzinger"), Thomas Ryan, Edward Libassi, Michael Lampman, Daniel Corcoran, Samuel Panuccio, and Kenneth Staller ("Staller") (collectively, "Defendants"), officers of the New York City Police Department. Plaintiff alleges various common law torts and deprivations of her rights under the Constitution of the United States in connection with two searches of her apartment and appears to seek to challenge one of her convictions as well. Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Second Amended Complaint in its entirety. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367.

        The Court has reviewed thoroughly the parties' submissions, including Plaintiff's voluminous Second Amended Complaint (the "Complaint"), Memorandum of Law in Support to Proceed with Case A Case of Constitutional Law ("Pl.'s Mem. in Opp."), Notice of Motion

Demand for a Jury Trial, and [Motion] to Enforce Judgment, and, for the following reasons, grants Defendants' motion to dismiss the Complaint.

## BACKGROUND

The following facts are drawn from the Complaint and the documents attached thereto unless otherwise indicated.[1] Plaintiff alleges that, on two separate occasions, Defendants searched her apartment without a warrant and without probable cause. Plaintiff further alleges that Defendants violated her rights when they arrested, detained, and initiated criminal prosecutions against her in connection with these searches.

On November 17, 2004, Defendants Utzinger and Staller conducted a search of Plaintiff's apartment. (Compl. 3, § 2(D), docket entry no. 7 at 3.) Before the officers initiated the search, Plaintiff asked to see a search warrant, which the officers refused to produce. (Id.) On November 18, 2004, Plaintiff was arrested for filing a false report stating that a police officer had raped her. (Id. at 13, docket entry no. 7 at 13.) In her opposition to Defendants' motion, Plaintiff asserts that the November 17, 2004, search also led to an arrest for identity theft that resulted in charges that were dismissed in her favor. (Pl.'s Mem. in Opp. at 42, docket entry no. 31-1 at 29.) The police arrest report indicates that the only ground for the November 18, 2004,

---

[1] The Court may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit. See Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000). Plaintiff has attached to her Complaint copies of numerous documents relating to the arrests, searches and convictions to which her claims relate; Defendants' motion papers include copies of court records relating to those matters. The Court may take judicial notice of public records in deciding a motion to dismiss. See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004); Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 402 (2d Cir. 2003)).

arrest was Plaintiff's falsely reporting that an officer had raped her. (Defs.' Mot. to Dismiss Ex. B.) However, Plaintiff has proffered a copy of a Repository Inquiry obtained from the New York court system indicating that the district attorney for the New York County Criminal Court declined to prosecute Plaintiff on a November 18, 2004, arrest for violations of New York Penal Code §§ 165.54 (criminal possession of stolen property) and 190.80 (identity theft). (Pl.'s Mem. in Opp., docket entry no. 31-6 at 49.) The Repository Inquiry also indicates that the case was "sealed upon termination of a criminal action in favor of the accused." (Id.) On April 5, 2006, solely in connection with Plaintiff's 2004 arrest for falsely reporting that she was raped by a police officer, Plaintiff pled guilty to a violation of New York Penal Code § 195.05 (obstructing governmental administration in the second degree) and was sentenced to a one-year conditional discharge. (Id., Ex. E.)

Plaintiff's apartment was the subject of a second police search on March 4, 2009.[2] (Compl. 3, § 2(D), docket entry 7 at 3.) During that search, Defendant Staller seized evidence. Plaintiff was thereafter arrested and charged with violations of New York Penal Law §§ 190.79 (identity theft in the second degree) and 190.81 (unlawful possession of personal identification in the third degree). (Id. at 14.) After a grand jury indicted Plaintiff, but before trial, she moved to suppress the physical evidence as well as oral statements from use against her at trial. (Id. at 20.) Plaintiff's motions were denied and a jury convicted her of two counts of identity theft and two counts of unlawful possession of personal identification. The court sentenced her to two-to-four years of imprisonment on each of the identity theft counts and one year of imprisonment on each

---

[2] In their moving papers, Defendants proffer a copy of a warrant issued by Hon. Felicia A. Mennin of the Criminal Court of the City of New York, County of New York, authorizing the 2009 Search. (Defs.' Mot. to Dismiss Compl. Ex. G.)

of the unlawful possession counts. (Defs.' Mot. To Dismiss Ex. F.) Plaintiff alleges that she is innocent and was wrongly convicted, and seeks damages in excess of $160 million.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In the case of a pro se litigant, the Court reads pleadings leniently and construes them to raise "the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). While this guidance applies with particular force when a pro se plaintiff's civil rights are at issue, McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), the pleadings still must contain factual allegations that raise a "right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint alleges that Defendants (1) entered her apartment without a warrant and without probable cause on November 17, 2004, and March 4, 2009 (Compl. 3, § 2(D), docket entry no. 7 at 3); (2) improperly seized items during the 2009 search (see, e.g., Pl.'s Mem. in Opp. 60, docket entry no. 31-2 at 3); (3) detained Plaintiff unlawfully in connection with both the 2004 and 2009 searches (Compl. at 3, § 2(D), docket entry no. 7 at 3); (4) brought charges against Plaintiff maliciously and with the knowledge that the searching officers lacked probable cause in connection with both the 2004 and 2009 searches (id. at 10, 20, docket entry no. 7-1 at 10, 20); and (5) deprived her of a fair trial by denying her the right to examine a

witness and instructing the state judge to deny her motions for suppression in connection with the 2009 search (id. at 3, 5, docket entry no. 7 at 3, 5; id. at 27, docket entry no. 7-1 at 7). Plaintiff further asserts that she is innocent of the charges to which she pled guilty in 2006 that arose from the 2004 search. (Id. at 33, docket entry no. 7-1 at 13.) Plaintiff also avers that she is innocent of the identity theft charges arising from the 2009 search.

The Court reads Plaintiff's Complaint to assert various constitutional claims pursuant to 42 U.S.C. § 1983 and state law tort claims. Construing Plaintiff's Complaint liberally, she alleges violations of her rights under the Fourth Amendment to the Constitution of the United States arising from Defendants' allegedly warrantless searches of her apartment, constituting claims for false imprisonment,[3] malicious prosecution, and unlawful searches and seizures. The Court also construes the complaint as asserting state law claims for conversion, intentional infliction of emotional distress, forgery, and fraudulent misrepresentation.

Federal Claims Based on the 2004 Search and Arrest

Section 1983 creates a cause of action against any person who, acting under color of state law, deprives a person of rights created by the Constitution or laws of the United States. The statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387 (2007). Under New York law, that period is three years. Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (citing N.Y. C.P.L.R. § 214(5)). Defendants assert that Plaintiff's claims based on the search and arrest that took place in 2004 must be dismissed as untimely. Although a statute of limitations, as an affirmative defense,

---

[3] Although Plaintiff asserts false arrest and false imprisonment claims, "[t]he common law tort of false arrest is a species of false imprisonment." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).

is not presumptively the proper subject of Rule 12(b)(6) motion practice, Ellul v. Congregation of Christian Bros., 09 Civ. 10590 (PAC), 2011 WL 1085325, at *3 (S.D.N.Y. Mar. 23, 2011), "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998). Therefore, dismissal is appropriate when the face of the complaint clearly contains a meritorious affirmative defense, including statute of limitations. See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996).

Statutes of limitations for § 1983 actions do not begin to run until "the plaintiff knows or has reason to know of the injury which is the basis of his action." Pani, 152 F.3d at 80 (quotations and citations omitted). In the context of false imprisonment claims, which seek relief for periods of detention without legal process, the claims accrue, and the statute of limitations begins to run, once the victim's detention is pursuant to legal "process – when, for example, he is bound over by a magistrate or arraigned on charges." Wallace, 549 U.S. at 389. With respect to unlawful search claims, "a cause of action . . . generally accrues from the date of the unlawful search." D'Angelo v. Kirschner, 288 Fed. App'x 724, 726 (2d Cir. 2008).

Plaintiff was arraigned in connection with the November 18, 2004, arrest on November 19, 2004. The statute of limitations for her false imprisonment claim relating to that arrest therefore began to run the next day, on November 20, 2004, and expired three years later, on November 20, 2007. Similarly, Plaintiff's claim alleging unlawful search and seizure accrued on the day of the search, November 18, 2004, and began to run the next day, on November 19, 2004, expiring on November 19, 2007. Plaintiff's Complaint, which includes documentation of the charges and refers to the 2004 proceedings, was filed on March 10, 2010. Accordingly, the

claims relating to events in 2004 are clearly untimely on their face, and must be dismissed. To the extent Plaintiff asserts claims regarding the 2004 identity theft charges that were terminated in her favor on January 26, 2005, those claims expired on January 27, 2008, and are also time-barred under New York's three-year statute of limitations.

Federal Claims Based on the 2009 Search and Arrest

### *False Imprisonment*

A false arrest claim under the Fourth Amendment brought pursuant to § 1983 "is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Under New York law, the elements of a false imprisonment claim are: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Singer, 63 F.3d at 116. With respect to the fourth element, a confinement is privileged if the officer had probable cause to arrest the plaintiff. See Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). Further, "where law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause." Marshall v. City of New York, 10 Civ. 3137 (PKC), 2010 WL 4739810, at *2 (S.D.N.Y. Nov. 17, 2010) (internal quotations omitted). Since Plaintiff was convicted by a jury of charges that resulted from the 2009 search, her false imprisonment claim must fail.

### *Unlawful Search and Seizure*

To the extent Plaintiff argues that Defendants unlawfully entered her apartment without a warrant, the Court takes judicial notice of the warrant proffered by Defendants. See Scherer, 347 F.3d at 402. The warrant was issued by a neutral magistrate, authorized Defendants

to search the Plaintiff's entire apartment, and contained specific authorizations regarding the items to be seized, including, contrary to Plaintiff's assertion, credit cards. Therefore, Plaintiff's attacks on the validity of the warrant are unfounded, and her claim asserting that Defendants unlawfully entered her apartment is dismissed.

*Malicious Prosecution*

Plaintiff also brings a § 1983 claim for malicious prosecution. The elements of this cause of action, like a false imprisonment claim brought pursuant to § 1983, are derived from state tort law. See Raysor v. Port Authority of N.Y. and N.J., 768 F.2d 34, 39 (2d Cir. 1985). In New York, a plaintiff alleging malicious prosecution must show: (1) the defendant commenced a criminal proceeding against him; (2) the proceeding ended in the plaintiff's favor; (3) the defendant did not have probable cause to believe the plaintiff was guilty of the crime charged; and (4) the defendant acted with actual malice. See Martin v. City of Albany, 42 N.Y.2d 13, 16 (1977). Plaintiff cannot satisfy the second element. The undisputed existence of Plaintiff's conviction for the charges resulting from the 2009 search conclusively establishes that the criminal proceedings did not result in a disposition in her favor. Accordingly, her claim for malicious prosecution must be dismissed.

*Plaintiff's Criminal Trial and Her Asserted Innocence*

Plaintiff asserts that she is innocent of the 2009 identity theft charges, and that her conviction was entered erroneously. She also alleges that Defendants directed the judge presiding over her criminal trial to deny her motions and to exclude witnesses that would have proved her innocence. Plaintiff asserts that, based on these events, the Court must vacate her conviction resulting from the 2009 charges.

Under Heck v. Humphrey, 512 U.S. 477, a federal court may not entertain a claim under § 1983 if success in the action "would necessarily demonstrate the invalidity of [the claimant's] confinement" ordered pursuant to state criminal court proceedings, Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005), unless the claimant received a favorable termination in the same criminal case, Heck, 512 U.S. at 486-8. In this action, if Plaintiff's claim that her 2009 identity theft conviction was entered erroneously and must therefore be vacated were to prevail, this would necessitate the invalidation of the state court's conviction. Since it is undisputed that the criminal charges against Plaintiff did not terminate in Plaintiff's favor, Heck v. Humphrey bars Plaintiff's § 1983 claims which directly seek to invalidate her criminal conviction. See also Zarro v. Spitzer, 274 Fed. App'x 31, 34 (2d Cir. 2008) ("[C]laims [that] implicate the validity of Plaintiff's conviction . . . are not cognizable under § 1983 and must be brought in habeas." (citing Heck, 512 U.S. at 487)).

*Double Jeopardy*

Liberally construed, Plaintiff's Complaint asserts a violation of her Fifth Amendment rights pursuant to the Double Jeopardy clause of the United States Constitution. Plaintiff's Double Jeopardy claim is not properly the subject of a § 1983 action because it necessarily seeks to invalidate her criminal conviction. See Heck, 512 U.S. at 486-8.

*State Law Claims*

Finally, Plaintiff's state tort law allegations, liberally construed, constitute claims for conversion, intentional infliction of emotional distress, forgery, and fraudulent misrepresentation. In light of the Court's conclusion regarding the insufficiency of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

CONCLUSION

Defendants' motion to dismiss the Complaint is granted as to Plaintiff's claims made pursuant to 42 U.S.C. § 1983. The Court declines to exercise jurisdiction of Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Clerk of Court is requested to enter judgment accordingly and to close this case.

This order resolves docket entry numbers 23, 28, and 35.

SO ORDERED.

Dated: New York, New York
July 21, 2011

LAURA TAYLOR SWAIN
United States District Judge